UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20423-CIV-SEITZ/SIMONTON

VIEW WEST CONDOMINIUM
ASSOC. INC.,

    Plaintiff,

vs.

ASPEN SPECIALTY INSUR. CO.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT I WITH PREJUDICE

THIS MATTER is before the Court on Defendant's Motion to Dismiss Count I of the Amended Complaint with Prejudice [DE 19]. In Count I, Plaintiff seeks to bring a claim for breach of a property insurance contract more than five years after the date of the loss. The Court will grant the motion and dismiss Count I with prejudice because the claim is time-barred.

### I. BACKGROUND

This lawsuit arises out of a property insurance claim for windstorm damage after Hurricanes Katrina and Wilma passed through south Florida on August 25, 2005 and October 24, 2005, respectively. [DE 1-1 ("Am. Compl.") ¶ 9]. Plaintiff View West Condominium Association Inc. commenced this action for breach of a property insurance contract in the Eleventh Judicial Circuit in and for Miami-Dade County on October 23, 2010. [*See* Am. Compl.]. Defendant Aspen Specialty Insurance Company timely removed the action to this Court on the basis of diversity jurisdiction. [DE 1]. Subsequently, Defendant moved to dismiss the complaint for failure to state

a claim [DE 3] due to the scant factual allegations.[1]

On April 7, 2011, the parties filed a Joint Motion for a Temporary Stay of Proceedings for Ninety (90) Days for the Purpose of Complying with the Conditions Precedent [DE 14]. The parties requested a stay of the proceedings until July 7, 2011, and stipulated that "Plaintiff's Amended Complaint would be due on July 11, 2011, the Monday following the end of the proposed stay period."[2] [DE 14 at 3 n.1]. On April 14, 2011, the Court granted the parties' Joint Motion, stayed the proceedings until July 7, 2011 and directed Plaintiff to file its Amended Complaint no later than July 11, 2011. [DE 15].

While the case was stayed, on May 17, 2011, Florida Governor Rick Scott signed into law Senate Bill 408 ("SB 408"), which amended Florida Statutes § 95.11 to provide that "an action for breach of a property insurance contract, [must be brought within five-years], with the period running from the date of loss."[3] Pursuant to the Court's Order Granting the Joint Motion for a Temporary Stay of the Proceedings, the Stay was lifted on July 7, 2011. On July 11, 2011, Plaintiff filed a two-count Amended Complaint, alleging breach of a property insurance contract arising out of: (i) damages caused by Hurricane Katrina on August 25, 2005 ("Hurricane Katrina Claim") (Count I); and (ii) damages caused by Hurricane Wilma on October 24, 2005 (Count II). On July 21, 2011, Defendant filed a Motion to Dismiss Count I of the Amended Complaint with Prejudice [DE 19]

---

[1] Plaintiff alleged that "the Insurance Company has failed to provide coverage or payment to the insured for his losses stemming from the Loss," without identifying the "Loss" to which it was referring. [DE 1-1 ¶ 16].

[2] The purpose of the stay was to allow Plaintiff to comply with conditions precedent to filing suit, including pre-suit requests for claim documentation, examinations under oath and inspection of the property, as well as to correct the pleading deficiencies identified by Defendant in the Motion to Dismiss.

[3] Statutes of limitations applicable to state causes of action are governed by state law. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007).

because it is barred by the applicable statute of limitations. Plaintiff filed a response [DE 25] and Defendant filed a reply [DE 28].

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must consider whether the well-plead factual allegations, taken as true and construed in the light most favorable to the Plaintiff plausibly suggest that the Plaintiff is entitled to relief for its claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). Thus, dismissal on statute of limitations grounds is appropriate where "it is apparent from the face of the complaint that the claim is time-barred." *See Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005).

## III. DISCUSSION

Defendant moves to dismiss Count I of the Amended Complaint, arguing that the Hurricane Katrina Claim is barred by the five-year statute of limitations. The Amended Complaint alleges that the building sustained significant windstorm damages when Hurricane Katrina passed through south Florida on August 25, 2005. [Am. Compl. ¶ 9]. Plaintiff filed this action for breach of a property insurance contract on October 23, 2010, and on July 11, 2011, amended its complaint to add a claim for breach of a property insurance contract based upon Hurricane Katrina damages.

### A. "Fairness and Equity"

It is apparent from the face of the Amended Complaint that the Hurricane Katrina Claim is time-barred. Nevertheless, Plaintiff avers that dismissing its Hurricane Katrina Claim as time-barred

would be wholly improper and "nothing short of an abhorrent disregard for the very concept of fairness and equity." [DE 25 at 2].[4] Plaintiff claims that it first discovered it had a Hurricane Katrina claim while the case was stayed,[5] and because the case was stayed, Plaintiff could not possibly have filed the amended complaint earlier than July 11, 2011. [*Id.*]. This argument is mistaken for a number of reasons. First, at the parties' request, the Court stayed the case until July 7, 2011; July 11, 2011 was the deadline selected by the parties for Plaintiff to file its Amended Complaint. Thus, the fact that the case was stayed did not prevent Plaintiff from filing its amended complaint before July 11, 2011. Moreover, Plaintiff did not need to wait until the stay was lifted on July 7, 2011 in order to bring its Hurricane Katrina Claim. In reply, Defendant notes that Plaintiff could have amended its complaint prior to entry of the stay or simply moved to dissolve the stay so that it could file an amended complaint prior to June 1, 2011, the effective date of SB 408. [DE 28 at 3]. The fact is, Plaintiff had five years in which to bring its claim after "the Property sustained significant windstorm damages as a result of Hurricane[] Katrina . . . occurring on August 25, 2005." Thus, dismissing Plaintiff's Hurricane Katrina Claim as time-barred is not improper, unfair or inequitable.

B.   *The Five-Year Statute of Limitations Runs from the Date of the Loss*

Relying upon court decision interpreting earlier versions of Florida Statutes § 95.11, Plaintiff argues that the five-year statute of limitations runs from the date of breach and not the date of the

---

[4]Although Plaintiff does not argue that the statute of limitations should be equitably tolled, the Court agrees with Defendant [DE 28 at 1-3] that the facts of this case do not warrant equitable tolling of the statute of limitations.

[5]This clarifies that when Plaintiff filed this lawsuit on October 23, 2010, the unspecified "Loss" upon which it was suing was caused by Hurricane Wilma and not Hurricane Katrina. Accordingly, Plaintiff clearly waited until July 11, 2011 to bring its Hurricane Katrina claim and it is not necessary to determine whether the law applies retroactively, or whether Plaintiff's amended complaint "relates back" to the date of the original filing. Plaintiff also does not raise either of these arguments.

loss. Prior to enactment of SB 408, the statute of limitations began to run from the date of breach, which was when the insurer denied the claim, not the date the loss occurred. *State Farm Mutual Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996). After passage of SB 408, the limitations period unequivocally runs from the date of the loss. Here, the date of the loss was August 25, 2005. Plaintiff filed this lawsuit on October 23, 2010, and waited until July 11, 2011 to amend its complaint to add a claim for breach of property insurance contract based upon Hurricane Katrina damages. Because Plaintiff brought its Hurricane Katrina Claim more than five years after the date of the loss, the claim is barred by the statute of limitations. Therefore, it is

ORDERED that

(1) Defendant's Motion to Dismiss Count I of the Amended Complaint with Prejudice [DE 19] is GRANTED.

(2) Count I of the Amended Complaint for Breach of Contract as to Hurricane Katrina [DE 1] is DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Miami, Florida, this 23rd day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Simonton
      All counsel of record